**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
MICHAEL HOLNESS,              :
                              :
          Plaintiff,          : Civil Action No. 05-4241 (JBS)
                              :
     v.                       :
                              :
DET. WILIIAM WHEELER,         :
                              :
          Defendant.          :
_____:
```

**APPEARANCES:**

    MICHAEL HOLNESS, Plaintiff, pro se
    # 140335
    Camden County Correctional Facility
    P.O. Box 90431
    Camden, New Jersey  08101

**SIMANDLE**, District Judge

    Plaintiff Michael Holness ("Holness"), a state pre-trial detainee currently confined at the Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983,[1] alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application

---

[1] In his Complaint, Holness asserts jurisdiction under Bivens v. Six Unknown Fed. Agent Bureau of Narcotics, 403 U.S. 388 (1971), but his claims are against a state actor, therefore, jurisdiction of his civil rights claim is more appropriately based on 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I.   BACKGROUND

In his Complaint, Holness alleges that defendant, Detective William Wheeler lied at plaintiff's grand jury hearing with respect to a witness to the crime for which Holness was arrested on June 17, 2004. It appears that Holness is still awaiting trial on the state criminal charges pursuant to his June 17, 2004 arrest.

Holness seeks dismissal of the state criminal charges, release from jail, and restitution in the amount of $2,500 per day of incarceration.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks

redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,

---

[2] Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).  It does not appear that Holness has filed any lawsuits that have yet been dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  However, the Court does note that Holness has filed two civil rights complaints against different state actors on or about the same time as this action.  See Holness v. Wilson, Civil No. 05-4184 (JBS); and Holness v. Sarubbi, Civil No. 05-4240 (JBS).

325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

Holness brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Here, there is no question that the named defendant, William Wheeler, a detective with the Pennsauken Police Department, is a state actor.

### IV. ANALYSIS

It appears from the allegations in the Complaint that Holness has not been convicted of the crimes for which he was indicted by the grand jury in this instance. Thus, his criminal charges remain pending in state court, and he must raise any

constitutional challenges asserted here in his criminal case. A federal court will not now intercede to consider issues that plaintiff has an opportunity to raise before the state court. See <u>Younger v. Harris</u>, 401 U.S. 37 (1971). It is not generally the role of the federal courts to interfere in pending state criminal cases. The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before <u>Younger</u> abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

<u>Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dept.</u>, 973 F.2d 169, 173 (3d Cir. 1992) (citing <u>Schall v. Joyce</u>, 885 F.2d 101, 106 (3d Cir.1989)). In the instant case, it is clear that state proceedings implicating important state interests are ongoing, and that Holness has an opportunity to raise his claims in a hearing during that proceeding. Therefore, because Holness has not yet been convicted, this Court is constrained by <u>Younger</u> to dismiss the Complaint in its entirety, without prejudice, as against defendant Wheeler for failure to state a claim upon which relief

6

may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Moreover, if Holness has been convicted of the charges for which he was indicted, he cannot seek damages under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings.  See Heck v. Humphrey, 512 U.S. 477 (1994).

Holness' claim for damages based on the actions of defendant Det. Wheeler is not cognizable under § 1983.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).  Accordingly, if a district court determines that a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

Accordingly, Holness' claim against Det. Wheeler is not cognizable under § 1983 until he can show that his conviction has been reversed on direct appeal, expunged, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  See id. at 486-87.  Therefore, Holness' claim seeking monetary relief under 28 U.S.C. § 1983 will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed in its entirety, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.

> **s/ Jerome B. Simandle**
> JEROME B. SIMANDLE
> United States District Judge

Dated:    **September 12, 2005**